# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA REYES,<br><br>        Plaintiff,<br><br>   v.<br><br>FIVE DIAMOND COLD STORAGE, INC.,<br>et al.<br><br>        Defendants. | Case No. 1:24-cv-00028-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(ECF No. 12, 13, 14, 22, 23, 24)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

## I.

## INTRODUCTION

On April 9, 2024, Defendants Five Diamond Cold Storage, Inc., Grow Smart Labor, Inc., Pedro Arellano-Moya, and Jorge Esteban Fuentes filed a motion to dismiss Plaintiff Sara Reyes' first amended complaint pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. The Court finds this matter suitable for decision without oral argument. See Local Rule 230(g). Based on the moving, opposition, and reply papers, and the Court's record, the Court recommends granting Defendants' motion to dismiss with leave to amend.

/ / /

/ / /

/ / /

**II.**

**BACKGROUND**

Sara Reyes ("Plaintiff") alleges she has been employed directly or jointly by Defendants Grow Smart Labor, Inc. ("Grow Smart"), Five Diamond Cold Storage, Inc. ("Five Diamond"), Pedro Arellano-Moya, and Jorge Esteban Fuentes (collectively "Defendants") as a non-exempt employee on land owned, leased, and/or operated by Defendants in and around Tulare County, California.  (First Amended Complaint ("FAC"), ECF No. 7, ¶ 10.)  Plaintiff alleges that "during the relevant time period," she worked for Defendants performing services covered by an applicable Wage Order.  (Id.)

Five Diamond and Grow Smart are California corporations that conduct business in Tulare County.  (FAC ¶¶ 13, 14.)  They have hundreds of employees, and each provide employees to the agricultural industry.  (Id.)  Defendant Arellano-Moya is the Chief Executive Officer of Grow Smart and was in charge of making major corporate decisions and managing operations.  (FAC ¶ 15.)  Defendant Fuentes is the Chief Financial Officer of Grow Smart and oversaw making major corporate decisions and managing operations.  (FAC ¶ 16.)

Plaintiff filed this class action on January 5, 2024, bringing claims for (1) violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"); (2) failure to record and pay non-productive time separate from piece-rate compensation; (3) failure to provide meal periods; (4) failure to pay minimum wages;  (5) failure to pay overtime premium wages; (6) waiting time penalties; (7) failure to provide accurate itemized wage statements;  (8) violations of the California Unfair Competition Law ("UCL"); and (9) PAGA penalties.  (ECF No. 1.)

On March 26, 2024, Plaintiff filed the operative FAC which brought the same causes of action but attached two exhibits establishing that she provided notice of her intent to seek PAGA penalties to the Labor and Workforce Development Agency.  (See FAC.)

On April 9, 2024, Defendants filed the instant motion to dismiss the FAC in its entirety.  (Defs.' Mem. P. & A. Supp. Mot. Dismiss ("Mot."), ECF No. 13.)  Defendants filed  a declaration by counsel in support of the motion.  (Declaration of Landon Schwob Supp. Defs.' Mot. ("Schwob Decl."), ECF No. 12.)  Defendants also filed a request for judicial notice in

support of the motion.  (Defs.' Req. Jud. Not. ("RJN"), ECF No. 14.)  Following a stipulation to modify the briefing schedule (ECF Nos. 20, 21), Plaintiff filed her opposition on April 30, 2024. (Pl's Opp'n Mot. ("Opp'n"), ECF No. 22.)   On May 17, 2024, Defendants filed their reply (Defs.' Reply Opp'n ("Reply"), ECF No. 23), and a request for judicial notice in support of the reply (Defs.' Req. Jud. Not. Supp. Reply ("Reply RJN"), ECF No. 24).

## III.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  The pleading standard under Rule 8 does not require " 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true.  Iqbal, 556 U.S. at 678-79.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.  To avoid a dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply.  First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly

1  suggest an entitlement to relief.  Id.  "Dismissal is proper only where there is no cognizable legal

2  theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Navarro,

3  250 F.3d at 732 (citing Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988)).

4                                                    **IV.**

5                                            **DISCUSSION**

6        **A.    Judicial Notice**

7           In conjunction with the motion, Defendants request that the Court take judicial notice of

8  three complaints filed by counsel for Plaintiff on behalf of different plaintiffs against different

9  defendants in separate actions in this district.[1]  (RJN 2; Schwob Decl. 97-203).  Plaintiff does not

10 oppose the request.

11          In conjunction with its reply brief, Defendants request that the Court take judicial notice

12 of (1) Industrial Welfare Commission wage order 14-2001 (Reply RJN 2, 4-15), and (2) a first

13 amended complaint filed by different plaintiffs against different defendants in a separate action

14 in another district, McKeen v. Franklin American Mortgage Company, No. 4:10-cv-05243-SBA

15 (N.D. Cal. Jan. 12, 2011) (Reply RJN 16-35).  Plaintiff does not oppose the requests.

16          Further, Defendants filed a declaration by counsel in support of their motion which

17 proffers (1) the parties' meet and confer efforts; (2) a redline version of the original complaint in

18 this matter showing the changes made by Plaintiff to the FAC; and (3) "true and correct copies of

19 redlines" showing changes of the three other complaints filed by counsel for Plaintiff in separate

20 actions with separate parties.  (See ECF No. 12-1 at 5-96; 204-460.)  Plaintiff does not object to

21 Defendants' proffered declaration or attached exhibits.

22          "As a general rule, 'a district court may not consider any material beyond the pleadings in

23 ruling on a Rule 12(b)(6) motion.' "  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.

24 2001) (quoting Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994)).  Doing so would convert a

25 motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d).  However, a court

26

27 _____

[1]    Ortiz v. Lucero AG Services, Inc., No. 1:23-cv-01319-JLT-EPG (E.D. Cal. Sept. 5, 2023), ECF No. 1;
28 Nataren v. Central Valley Farming, Inc., No. 2:24-cv-00747-DAD-DB (E.D. Cal. Mar. 8, 2024); Gonzalez
Mondragon v. R T Farm Labor, Inc., No. 1:22- cv-01259-JLT-BAM (E.D. Cal. Oc. 3, 2022), ECF No. 1.

1   may take judicial notice of a fact not subject to reasonable dispute, either because the fact is

2   generally known within the territorial jurisdiction of the trial court or because the fact is capable

3   of accurate and ready determination from sources whose accuracy cannot reasonably be

4   questioned. Fed. R. Evid. 201(b).  Courts may also take judicial notice of undisputed matters of

5   public record, Lee, 250 F.3d at 689, including documents filed in federal or state courts.  Harris

6   v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

7          Defendants argue the complaint in the instant action recites legal conclusions that were

8   copied and pasted from three other complaints filed by Plaintiff's law firm.   (Mot. 7.)[2]

9   Defendants further argue the McKeen complaint is an example of a plaintiff alleging "specific

10  examples where she worked more than forty hours per week but did not receive overtime

11  compensation."  (Reply 6.)  While the Court may take judicial notice of the four complaints filed

12  in federal court, the Court finds they have no bearing on the determination of the instant motion.

13  It is of no consequence for purposes of deciding the instant motion that Plaintiff's counsel has

14  filed similar complaints in separate actions or that another plaintiff has alleged factual content to

15  support her individual claims.   Because the four complaints are not relevant to the instant

16  motion, the Court recommends denying Defendants' request for judicial notice.[3]

17         The Court recommends granting judicial notice of California Industrial Welfare

18  Commission Wage Order 14–2001, which is available on the State of California Department of

19  Industrial Relations website.   See Corrie v. Caterpillar, Inc., 503 F.3d 974, 978 n.2 (9th Cir.

20  2007) (taking judicial notice of government-published documents).

21         **B.     Violations of AWPA**

22         Plaintiff's first cause of action arises out of Grow Smart and Five Diamond's alleged

23  violations of AWPA.  (FAC ¶¶ 46-50.)  The purpose of the AWPA is "to remove the restraints

---

[2]       All references to pagination of specific documents pertain to those as indicated on the upper right corners
via the CM/ECF electronic court docketing system.
[3]       To the extent Defendants request judicial notice of the "true and correct copies of redlines showing the
changes from the Complaint in this action against the Ortiz, Nataren, and Mondragon complaints" (Schwob Decl. ¶
7, Exs. 7-9) or the redlined version of the complaint filed in this action on January 5, 2024 and the FAC at issue
(Schwob Decl. ¶ 4, Ex. 2), the Court recommends denying such requests.  It does not appear the redlined documents
are matters of public record nor otherwise judicially noticeable in accordance with Rule 201.  The Court did not—
and cannot pursuant to Rule 12(d)—rely on the declaration or redlined documents in issuing these findings and
recommendations.

on commerce caused by activities detrimental to migrant and seasonal agricultural workers ... and to assure necessary protections for migrant and seasonal agricultural workers, agricultural associations, and agricultural employers."  29 U.S.C. § 1801.  "AWPA allows seasonal and migrant agricultural employees to bring suit in federal court if employers fail to pay them wages owed or violate a working arrangement."  Valenzuela v. Giumarra Vineyards Corp., 614 F. Supp. 2d 1089, 1092 (E.D. Cal. 2009).

The FAC alleges that at "all relevant times," Plaintiff has been "employed directly or jointly by Defendants, as an employee on land owned, leased, and/or operated in and around Tulare County."  (FAC ¶ 10.)  Defendants note—and Plaintiff does not dispute—the FAC fails to plead any facts about Plaintiff's employment, including her job title, job duties, or that she even engaged in agricultural work.  (Mot. 10-11.)  Plaintiff also fails to allege whether she was a seasonal or migrant agricultural worker.  While the FAC alleges the corporate Defendants allegedly have "hundreds of employees and provide[] employees in the agricultural industry," it fails to allege Plaintiff was an agricultural worker for one or both corporate Defendants and whether she was a migrant or agricultural worker.  Compare FAC generally, with Guerrero v. T-Y Nursery, Inc., No. 13CV3126 JM BGS, 2014 WL 5480705, at *3 (S.D. Cal. Oct. 29, 2014) (finding allegations that plaintiffs were "seasonal agricultural worker(s) within the meaning of 29 U.S.C. § 1802(1), and/or individuals entitled to the AWPA's protections"; defendants operated and supplied labor to agricultural nurseries; and "plaintiffs cultivated plants, shrubs and trees" were "minimally sufficient" to establish that plaintiffs were seasonal agricultural workers for purposes of AWPA).  Plaintiff's complaint fails to allege even the most basic facts regarding her employment that would allow the Court to draw a reasonable inference that she can state a claim for protection under the AWPA.  The Court therefore recommends Plaintiff's claim for violation of the AWPA be dismissed with leave to amend.[4]

---

[4]    Defendants also argue that the remaining allegations in the FAC regarding violations of the AWPA are conclusory regurgitations of AWPA legal standards and are insufficiently plead for the same reasons the California wage and hour claims are insufficiently pled.  This argument is well-taken, should Plaintiff choose to amend her complaint.

1    **C.    Labor Code Violations**

2          Defendants argue Plaintiff's six causes of action alleging violations of the California Labor

3    Code fail to allege sufficient facts to state a claim.  The Court addresses each claim in turn.

4          1.    <u>Failure to Pay Non-Productive Time</u>

5          Plaintiff's second cause of action alleges Defendants violated California Labor Code §

6    226.2.  (FAC ¶¶ 51-61.)  California law requires that employers compensate their piece-rate

7    employees for rest and recovery periods and other nonproductive time "separate from any piece-

8    rate compensation." Cal. Lab. Code § 226.2(a)(1). This separate compensation for rest and

9    recovery time must be at an hourly rate that is no less than the applicable minimum wage, and in

10   some circumstances must be greater than the minimum wage. Cal. Lab. Code § 226.2(a)(3)(A),

11   (B). Similarly, the separate compensation for employees' other nonproductive time must be no

12   less than the applicable minimum wage. Cal. Lab. Code § 226.2(a)(4).

13         The FAC alleges Plaintiff and the Class "were not compensated for rest and recovery

14   periods and other nonproductive time separate from any piece-rate compensation."  (FAC ¶ 53;

15   <u>see also</u> FAC ¶ 3 (same).)  The FAC further alleges that Defendants failed to include on itemized

16   statements, the total hours of compensable rest and recovery periods or other nonproductive time,

17   the rate of compensation, and gross wages paid for those periods during the pay period in violation

18   of California Labor Code § 226.2(a)(2)(A).  (FAC ¶¶ 54-55.)

19         Plaintiff contends the crux of the FAC is Defendants' failure to separately pay its

20   employees for rest breaks under its piece rate system of compensation. [5]  (Opp'n 14.)  Defendants

21   argue the FAC fails to allege anything more than the legal conclusion that she was not

22   compensated properly because of a piece-rate system.  (Mot. 11-12.)  The Court agrees.  Plaintiff's

23   claim for failure to pay non-productive time is a recitation of the language used in section 226.2,

24   without support of any allegations of fact that would plausibly indicate any Defendant operates an

25   unlawful compensation system that fails to compensate rest periods or other unspecified non-

26

27   [5]      Plaintiff also argues Defendants' unlawful compensation system fails to pay non-exempt employees for rest
     breaks *and* other nonproductive time separate from any piece-rate compensation.  (<u>Id.</u> (citing FAC ¶ 3).)  If Plaintiff
28   intends to plead failure to separately pay for "other nonproductive time," Plaintiff fails to provide any facts alleging
     what constitutes such non-productive time.

1  productive time.

2      Courts are not required to accept as true allegations that are "merely conclusory,

3  unwarranted deductions of fact, or unreasonable inferences." <u>Sprewell v. Golden State Warriors</u>,

4  266 F.3d 979, 988 (9th Cir. 2001). Courts are also not required to "assume the truth of legal

5  conclusions cast in the form of factual allegations." <u>Marceau v. Blackfeet Hous. Auth.</u>, 540 F.3d

6  916, 919 (9th Cir. 2008) (citation omitted).   Accordingly, the Court recommends dismissing

7  Plaintiff's second cause of action with leave to amend.

8         2.      <u>Failure to Pay Non-Productive Time Provide Meal Periods or Premiums</u>

9      Plaintiff's third cause of action alleges Defendants violated California Labor Code §§

10  226.7, 512, and the "applicable IWC Wage Order."  (FAC ¶¶ 62-72.)  California law requires an

11  employer to provide its non-exempt employees with a thirty-minute meal period for every five

12  hours of work. <u>See</u> Cal. Labor Code §§ 226.7, 512.  A compliant meal break under California law

13  requires the employer to "relieve the employee of all duty for the designated period but need not

14  ensure that the employee does no work." <u>Brinker Rest. Corp. v. Superior Court</u>, 53 Cal.4th 1004,

15  1034 (2012).  To successfully state a meal or rest break claim, the plaintiff must allege sufficient

16  facts identifying an instance where they were deprived of a meal or rest break.  <u>Perez v. DNC</u>

17  <u>Parks & Resorts at Sequoia</u>, No. 1:19-CV-00484-DAD-SAB, 2020 WL 4344911, at *6 (E.D. Cal.

18  July 29, 2020) (citing <u>Landers v. Quality Commc'ns, Inc.</u>, 771 F.3d 638, 646 (9th Cir. 2014) and

19  <u>Boyack v. Regis Corp.</u>, 812 F. App'x 428, 431 (9th Cir. 2020)[6] (affirming that a rest break claim

20  fell short of the <u>Landers'</u> requirements by not "demonstrating at least one workweek in which [the

21  plaintiffs] were personally deprived of rest breaks")).

22      The FAC alleges Plaintiff and the Class were not afforded timely meal periods as required

23  by California law, since they were routinely required to work five hours or more without a timely,

24  thirty minute, uninterrupted meal period, and they were not compensated for missed meal periods.

25  (FAC ¶ 63.)  Plaintiff alleges Defendants' meal period policies failed to provide employees: "(a) at

26  least one (1) meal period prior to the fifth hour and/or two (2) meal periods for shifts greater than

27

28  _____
   [6]       Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1  ten hours, (b) net thirty-minute meal periods, and/or (c) timely meal periods." (FAC ¶ 29.)
2  Plaintiff further alleges she and the class did not voluntarily or willfully waive meal periods.
3  (FAC ¶ 68.)

4          Defendants argue the claim should be dismissed because Plaintiff fails to allege sufficient
5  facts to set forth a plausible claim. (Mot. 13.) Defendants note Plaintiff's complaint is bereft of
6  any facts alleging employees could not take their unpaid meal breaks in between completing
7  various piece-rate tasks and that Plaintiff does not allege how she was unable to take meal
8  breaks. (Id.)

9          In opposition, Plaintiff argues the FAC "could not be clearer about the nature of
10  Defendants' meal break violations." (Opp'n 14.) The Court disagrees. Couched in formulaic
11  recitations of statutory language, the FAC alleges that Plaintiff and the Class were "routinely
12  required to work" without a meal break. (FAC ¶ 63.) The FAC otherwise fails to provide any
13  supporting factual allegations, "such as when, how, and which individuals were denied meal
14  periods [] that would plausibly indicate defendants are liable." Tavares v. Cargill Inc., No. 1:18-
15  CV-00792-DAD-SKO, 2019 WL 2918061, at *5 (E.D. Cal. July 8, 2019) (citing Luna v.
16  Universal City Studios Prods. LLLP, No. 12-CV-9286 PSG (SSX), 2013 WL 12308201, at *4
17  (C.D. Cal. Mar. 29, 2013) (dismissing a complaint where plaintiff "fail[ed] to state who denied
18  [him] meal periods, when they were denied, and what policies and practices resulted in a
19  deprivation of meal periods"); see also Wyland v. Berry Petroleum Co., LLC, No. 1:18-CV-
20  01414-DAD-JLT, 2019 WL 1047493, at *7 (E.D. Cal. Mar. 5, 2019) (dismissing a meal period
21  claim where the plaintiff alleged he was "prohibited by his supervisors from taking [ ] meal
22  breaks" without factual support).

23          Plaintiff argues that the Ninth Circuit only requires that she merely allege she was
24  deprived of a meal break to successfully state a meal break violation. (Opp'n 14 (citing Landers,
25  771 F.3d at 646).) The Court disagrees. While the Ninth Circuit did not explicitly set a rule for
26  pleading requirements for meal break violations, it concluded that allegations that merely alleged
27  that a plaintiff was not paid for overtime hours "fail[ed] to state a plausible claim under Rule 8"
28  because "a possibility is not the same as plausibility." Id. (quoting Nakahata v. New York-

1    <u>Presbyterian Healthcare Sys.</u>, Inc., 723 F.3d 192, 201 (2d Cir. 2013)).  Applying this framework,

2    Plaintiff's admittedly mere allegation she was routinely deprived of meal breaks states a

3    *possibility* that Defendants violated section 226.7, but, without any supporting factual

4    allegations, Plaintiff has not *plausibly* stated a claim for a meal break violation.  Accordingly, the

5    Court recommends granting Defendants' motion with leave to amend.

6              3.        <u>Failure to Pay Minimum and Overtime Wages</u>

7              Plaintiff's fourth cause of action alleges Defendants violated California Labor Code §§

8    1194, 1194.2, 1197(A) and the "applicable IWC Wage Order" by failing to pay minimum wages.

9    (FAC ¶¶ 73-82.)  Plaintiff's fifth cause of action alleges Defendants violated California Labor

10   Code §§ 510, 1194, 1194.2, and the "applicable IWC Wage Order" by failing to pay overtime

11   wages.  (FAC ¶¶ 83-91.)  California law requires employers to pay employees the minimum

12   wage for all hours worked, <u>see</u> California Labor Code § 1197, and overtime pay for any work in

13   excess of eight hours in one workday and forty hours in any workweek, <u>see</u> California Labor

14   Code § 510(a).

15             With regard to her unpaid minimum wage claim, Plaintiff alleges that "Defendants have

16   failed to pay minimum wages for all hours worked.  In particular, Defendants failed to record

17   and compensate piecework workers for nonproductive time separate from piece-rate units and

18   failed to accurately calculate compensation for rest and recovery periods."  (FAC ¶ 75.)  In

19   support of her unpaid overtime wage claim, Plaintiff alleges Defendants "employ[ed] Plaintiff

20   and the class in excess of eight (8) hours in one day and forty (40) hours in a workweek without

21   paying the required overtime rate."  (FAC ¶ 86.)  Further, Plaintiff alleges that she and the class

22   "were routinely working hours in excess of eight (8) hours per day without receiving overtime

23   compensation."  (<u>Id.</u>)

24             Defendants argue Plaintiff's allegations are legal conclusions without requisite factual

25   support.  Defendants rely on <u>Landers v. Quality Communications, Inc.</u>, wherein the Ninth Circuit

26   held that post-<u>Iqbal</u>, "detailed factual allegations regarding the number of overtime hours worked

27   are not required to state a plausible claim," but conclusory allegations that merely recite the

28   statutory language are inadequate.  <u>Landers</u>, 771 F.3d at 644.  Thus, to successfully state an

hourly or overtime wage claim under the FLSA, a plaintiff must identify "at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." Id. at 646.  Although Landers addressed FLSA claims, federal courts have held that its reasoning applies to California Labor Code claims as well.  Cook v. Land O'lakes, Inc., No. 1:20-CV-00553-NONE-SAB, 2020 WL 5633045, at *8 (E.D. Cal. Sept. 21, 2020), report and recommendation adopted, No. 1:20-CV-00553-NONE-SAB, 2020 WL 5983346 (E.D. Cal. Oct. 8, 2020); see also Perez v. DNC Parks & Resorts at Asilomar, Inc., No. 1:19-CV-00484-DAD-SAB, 2022 WL 411422, at *6 (E.D. Cal. Feb. 10, 2022) ("This FLSA pleading requirement applies to minimum and overtime wage claims under state law as well.").

Plaintiff argues that her allegations that Defendants used a piece-rate compensation system under which they failed to provide separate compensation for rest and recovery periods and other non-productive time is sufficient to state a claim for failure to pay minimum wage. (Opp'n 15 (citing FAC ¶ 3).)  Plaintiff further contends that a plaintiff asserting an overtime wage claim merely needs to allege the Defendant was her employer and that she worked more than forty hours per week or more than eight hours in a day without receiving overtime compensation.  (Opp'n 16 (citing McKeen-Chaplin v. Franklin Am. Mortg. Co., No. C 10-5243 SBA, 2011 WL 4082543 (N.D. Cal. Sept. 13, 2011)).)[7]  Thus, Plaintiff argues the allegation that Defendants employed Plaintiff and the Class "routinely" in excess of eight hours in one day and forty hours in a workweek without overtime compensation is sufficient to state a claim for failure to pay premium overtime wages.  (Id.)

The Court finds the FAC falls short of stating plausible claims for failure to pay minimum and overtime wages.  Despite conceding Landers requires a Plaintiff to "plead facts demonstrating at least one workweek when she was not paid minimum wage" (Opp'n 15 (citing Landers, 771 F.3d at 647)), Plaintiff fails to identify any workweek where she worked in excess

---

[7]     In McKeen-Chaplin, the court denied a motion to dismiss because it found the plaintiff adequately alleged that the "[d]efendant was her employer, that she worked in its Concord, California office from February 2009 through October 2010, and specific examples where she worked more than forty hours per week but did not receive overtime compensation."  McKeen-Chaplin, 2011 WL 4082543, at *3.  The FAC here fails to adequately allege comparable factual support.  Rather, Plaintiff fails to adequately identify her employer, any date of employment, or any specific example of a workweek wherein she worked more than forty hours per week without overtime pay.

1  of forty hours and was not paid for the excess hours in that workweek or was not paid minimum

2  wages.  In fact, Plaintiff fails to allege any factual content—including the hours she typically

3  worked during a workweek, her wage, or an estimate of the amount of minimum and overtime

4  wages she believes she is owed—to permit the Court to find that Plaintiff states a plausible claim

5  for failure to pay minimum or overtime wages.  See id. at 645 ("A plaintiff may establish a

6  plausible claim by estimating the length of her average workweek during the applicable period

7  and the average rate at which she was paid, the amount of overtime wages she believes she is

8  owed, or any other facts that will permit the court to find plausibility.")

9      Further, while Plaintiff alleges she and the class were "routinely" working in excess of

10  eight hours per day without overtime compensation, she fails to identify what constitutes

11  "routine[]" and whether it represents the average workweek during the applicable period.  See

12  Perez, 2020 WL 4344911, at *8 (dismissing minimum wage and overtime pay claims where,

13  although the plaintiff alleged she "often works 8 hours per week over 6 days, but ... is only paid

14  for 43 to 45 hours for those weeks," she failed to indicate what constitutes "often" and whether it

15  represents the average workweek during the relevant period); Bush v. Vaco Tech. Servs., LLC,

16  No. 17-cv-05605-BLF, 2018 WL 2047807, at *9 (N.D. Cal. May 2, 2018) (concluding plaintiff's

17  "bare assertion that she 'regularly' worked more than the statutory requirement is conclusory and

18  insufficient under the standard set forth in Landers"); Boyack v. Salon Mgmt. Corp., No. 8:18-

19  cv-01233-AG-DFM, 2019 WL 1744855, at *4 (C.D. Cal. Feb. 11, 2019) (dismissing plaintiffs'

20  hourly wage claims despite "somewhat fact specific" allegations including pleading three

21  occasions when plaintiffs pay rate was incorrect and two other occasions when they were paid

22  purely commission instead of minimum wage), aff'd, 812 F. App'x 428 (9th Cir. 2020).

23      The Court finds Plaintiff's allegations of unpaid overtime and minimum wage claims in

24  the FAC "provide nothing beyond 'an unadorned, the defendant-unlawfully-harmed-me

25  accusation.' " Perez, 2020 WL 4344911, at *4 (quoting Iqbal, 556 U.S. at 678).  Courts find that

26  conclusory allegations such as those included in the FAC are insufficient to state a plausible

27  claim.  Avalos v. Amazon.com LLC, No. 1:18-CV-00567-DAD-BAM, 2018 WL 3917970, at *3

28  (E.D. Cal. Aug. 14, 2018) (collecting cases).  Although plaintiffs are not expected to allege "with

mathematical precision" the amount of overtime owed by Defendants, they should at the very least "be able to allege *facts* demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." <u>Landers</u>, 771 F.3d at 646 (quoting <u>Dejesus v. HF Management Services, LLC</u>, 726 F.3d 85, 90 (2d Cir. 2013)) (emphasis added).

The FAC fails to plausibly allege that Plaintiff was entitled to but was denied overtime or minimum wages. Accordingly, the Court recommends granting Defendants' motion to dismiss Plaintiff's fourth and fifth causes of action with leave to amend.

4.   <u>Waiting Time Penalties</u>

Plaintiff's sixth cause of action alleges Defendants violated California Labor Code §§ 201-203, which regulate the timely payment of final wages upon an employee's separation. Section 201 covers employees who are terminated by their employer and section 202 covers employees who resigned from employment. Section 203 imposes penalties on employers that "willfully" fail to pay final wages in accordance with sections 201 and 202.

Plaintiff alleges that Defendants failed to pay minimum, overtime, meal period wages, and rest and recovery periods and other nonproductive time separate from any piece-rate compensation. (FAC ¶ 94.) Plaintiff alleges Defendants failed to liquidate those unpaid wages upon separation from employment, whether through voluntary resignation or involuntary resignation. (<u>Id.</u>) Plaintiff thus alleges Defendants violated "California Labor Code §§ 201 and/or 202" by failing to pay wages owed to Plaintiff and the class when they "left their employment with Defendants." (FAC ¶ 95.)

Defendants argue Plaintiff's claim fails because she alleges only legal conclusions, does not allege facts regarding termination or resignation, and fails to sufficiently plead a willful violation. (Mot. 17.) The Court agrees. Plaintiff's allegations that Defendants failed to pay minimum, overtime, meal period, and rest period wages are factually deficient, and are therefore merely legal conclusions for the reasons previously discussed.

Further, while Plaintiff alleges she and the Class "left their employment with Defendants" (FAC ¶ 95), Plaintiff fails to allege whether she resigned or was terminated. <u>See</u>

1   Boyack v. Salon Mgmt. Corp., 2019 WL 1744855, at *5 (dismissing a claim where "Plaintiffs
2   don't even allege whether Plaintiffs were discharged or whether they resigned...Instead,
3   Plaintiff's parrot the statutory language underlying their claims and conclude Defendants failed
4   to abide by that language."); Perez, 2020 WL 4344911, at *6 (same).

5        Plaintiff also offers no facts supporting her allegation that Defendants "willfully" failed
6   to pay wages upon her unspecified termination or resignation.  Instead, she alleges "Defendants
7   willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental" and
8   despite leaving Defendants' employment, Plaintiff nor the class have received payment.  (FAC ¶
9   97, 99.)  These factually deficient allegations are insufficient to state a waiting time penalty
10  claim.  See Porch v. Masterfoods, USA, Inc., 685 F. Supp. 2d 1058, 1075 (C.D. Cal. 2008)
11  (explaining the willfulness element under section 203.), aff'd, 364 F. App'x 365 (9th Cir. 2010).

12       Accordingly, the Court recommends Plaintiff's waiting time penalties claim be dismissed
13  with leave to amend.

14       5.    Failure to Provide Accurate Itemized Wage Statements

15       Plaintiff's seventh cause of action alleges Defendants violated California Labor Code §§
16  226, 226.2 and the IWC Wage Order.  (FAC ¶¶ 102-112.)  An employer is required semimonthly
17  or at the time of each payment of wages to supply the employee with an accurate itemized
18  statement that shows nine specific items.  Cal. Lab. Code § 226(a).  To recover damages for a
19  violation of section 226(a), "an employee 'must suffer injury as a result of a knowing and
20  intentional failure by an employer to comply with the statute.' "  Dawson v. HITCO Carbon
21  Composites, Inc., No. CV16-7337 PSG FFMX, 2017 WL 7806618, at *5 (C.D. Cal. Jan. 20,
22  2017) (quoting  Price v. Starbucks, Inc., 192 Cal. App. 4th 1136, 1142 (2011)).  However, this
23  injury requirement " 'cannot be satisfied simply because one of the nine itemized requirements ...
24  is missing from a wage statement.' The deprivation of information is not itself sufficient to
25  establish a cognizable injury." Id. (quoting  Price, 192 Cal. App. 4th at 1143).

26       Plaintiff alleges Defendants failed to provide accurate itemized wage statements that
27  include each of the nine itemized requirements, in violation of section 226(a).  (FAC ¶ 104.)
28  Plaintiff also alleges that Defendants "knowingly and intentionally fail[ed] to provide Plaintiff

1    and Class Members itemized wage statements in conformance with Labor Code § 226" and have

2    willfully refused to pay and accurately state wages" with intent to "annoy harass, oppress,

3    hinder, delay, or defraud Plaintiff and the class, in violation of California Labor Code § 226.6."

4    (FAC ¶¶ 107-109.)

5         The Court first finds Defendants' argument that Plaintiff's claim should fail because she

6    fails to plausibly allege a knowing or intentional violation is without merit.  (Mot. 19.)  "Malice,

7    intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R.

8    Civ. P. 9(b); Reinhardt v. Gemini Motor Transp., 879 F.Supp.2d 1138, 1142 (E.D. Cal. 2012).

9    Here, Plaintiff alleges, albeit in a roundabout manner, that Defendants "knowingly and

10   intentionally fail[ed] to provide Plaintiff and Class Members itemized wage statements in

11   conformance with Labor Code § 226…."  (FAC ¶ 107.)  The Court finds the FAC sufficiently

12   makes a general allegation that Defendants engaged in knowing and intentional conduct.

13        Defendants also argue that Plaintiff's wage statement claim merely recites legal standards

14   and does not comply with federal pleading standards.  (Mot. 18-19.)  The Court agrees.  The

15   FAC parrots the language of section 226 when alleging Defendants' wage statements omitted or

16   inaccurately reflected each of nine itemizations without providing any factual matter.  For

17   example, Plaintiff alleges Defendants "fail[ed] to separately state the total hours of compensable

18   rest and recovery periods, the rate of compensation and the gross wages paid for those periods

19   during the pay period, and the total hours of other nonproductive time, the rate of compensation,

20   and the gross wages paid for that time during the pay period."  (FAC ¶¶ 105-06.)  However, this

21   allegation is merely a summarized recitation of section 226.2(a)(2)(A)-(B).

22        The most specific allegation in relation to Plaintiff's wage statement claim is reiterating

23   the first and fifth items listed in section 226 with a catch all: Defendants "inaccurately stat[ed]

24   gross and net wages and other issues as described above."  (FAC ¶ 105.)  However, the FAC

25   does not contain any facts alleging an estimated accurate gross or net wage, nonetheless a factual

26   allegation or example of an inaccurate gross or net wage reflected on any wage statement.  See

27   Boyak, 2019 WL 1744855, at *5 (dismissing a claim where the plaintiff generally alleged

28   "Defendants' wage statements fail to correctly list gross wages earned, net wages earned, all

1  applicable hourly rates of pay, total hours worked, and the hours worked at each pay rate in

2  violation of California Labor Code Sections 226 and 1174.").

3       While sufficiently pleading a *possible* violation, the FAC fails to state a *plausible* claim

4  for failure to provide accurate itemized wage statements.   The Court therefore recommends

5  dismissing Plaintiff's seventh cause of action with leave to amend.

6       **D**   **Violations of the UCL**

7       Plaintiff's eighth cause of action alleges Defendants violated the UCL, which prohibits

8  "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

9  The UCL "borrows violations from other laws by making them independently actionable as

10  unfair competitive practices." <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134,

11  1143 (2003).   "A business act or practice may violate the UCL if it is either 'unlawful,' 'unfair,'

12  or 'fraudulent,'" as "[e]ach of these three adjectives captures 'a separate and distinct theory of

13  liability.'" <u>Rubio v. Cap. One Bank</u>, 613 F.3d 1195, 1203 (9th Cir. 2010) (citing <u>Kearns v. Ford</u>

14  <u>Motor Co.</u>, 567 F.3d 1120, 1127 (9th Cir. 2009).   With respect to the unlawful prong, "the UCL

15  permits violations of other laws to be treated as unfair competition that is independently

16  actionable." <u>Kasky v. Nike, Inc.</u>, 27 Cal.4th 939, 949 (2002).   However, "[w]here a plaintiff

17  cannot state a claim under the 'borrowed' law, they cannot state a UCL claim either." <u>Tavares</u>,

18  2019 WL 2918061, at *8 (holding that where plaintiff inadequately pled a wage and hour claim,

19  her derivative UCL claim must also fail).

20       The FAC conclusorily alleges Defendants' actions constitute unlawful, unfair, and

21  fraudulent business practices.  (<u>See</u> FAC ¶¶ 115, 117-21.)   However, Plaintiff appears to only

22  defend the unlawful theory of liability in her opposition.  (<u>See</u> Opp'n 20 ("[the FAC] identifies

23  myriad [*sic*] statutes and wage orders Defendants violated through their *unlawful* employment

24  policies and practices").)   Because Plaintiff's UCL claim is entirely derivative of her second

25  through seventh causes of action which the Court finds are insufficiently plead, the Court

26  recommends also dismissing Plaintiff's UCL claim with leave to amend.

27       **E.**   **PAGA Penalties**

28       Under PAGA, an "aggrieved employee" may bring an action for civil penalties for Labor

1   Code violations on behalf of themselves and other current or former employees.  Cal. Lab. Code

2   § 2699(a).  An employee plaintiff suing under PAGA "does so as the proxy or agent of the

3   state's labor law enforcement agencies."  Arias v. Superior Ct., 46 Cal. 4th 969, 986 (2009).  In

4   such action, "the employee plaintiff represents the same legal right and interest as state labor law

5   enforcement agencies—namely, recovery of civil penalties that otherwise would have been

6   assessed and collected by the Labor Workforce Development Agency."  Id. (citing Cal. Lab.

7   Code § 2699(a), (f)).

8        The parties agree Plaintiff's PAGA claim is derivative of her second through seventh

9   causes of action alleging Labor Code violations.  (Mot. 20; Opp'n 22.)  The Court notes

10  Plaintiff's PAGA claim does not add any factual allegations.  (See FAC ¶¶ 123-135.)  "[L]ike the

11  UCL, a PAGA claim 'rises or falls' with its underlying causes of action."  Perez, 2020 WL

12  4344911, at *11 (quoting Price, 192 Cal. App. 4th at 1147).  The Court therefore recommends

13  dismissing Plaintiff's derivative PAGA claim with leave to amend for the reasons discussed

14  herein regarding the underlying Labor Code violations.

15       **F.      Joint Employer Liability**

16       Plaintiff alleges that she was "employed directly or jointly by Defendants...."  (FAC ¶

17  10.)  Defendants argue this legal conclusion fails to plausibly allege a joint employer theory of

18  liability for the four Defendants.  (Mot. 20-21.)  Plaintiff does not respond to nor dispute this

19  argument.  (See generally Opp'n.)

20       To be held liable for any violations under the California Labor Code, the defendant must

21  be Plaintiff's employer.  To be liable as a joint employer, an entity must have had the ability to

22  "(1) to exercise control over . . . wages, hours or working conditions, (2) to suffer or permit to

23  work, or (3) to engage, thereby creating a common law employment relationship."  Ochoa v.

24  McDonald's Corp., 133 F. Supp. 3d 1228, 1233 (N.D. Cal. 2015) (internal quotation marks

25  omitted) (citing Martinez v. Combs, 49 Cal. 4th 35, 64 (2010)).  However, in certain

26  circumstances, "a person can be a joint employer without exercising direct control over the

27  employee."  Medina v. Equilon Enterprises, LLC, 68 Cal. App. 5th 868, 879 (2021).  "While

28  plaintiff is not required to conclusively establish that defendants were her joint employers at the

1   pleading stage, plaintiff must at least allege *some* facts in support of this legal conclusion."

2   Hibbs-Rines v. Seagate Techs., LLC., No. C 08-05430 SI, 2009 WL 513496, at *5 (N.D. Cal.

3   Mar. 2, 2009) (emphasis in original).

4        To the extent Plaintiff is alleging a theory of joint employer liability, Plaintiff's single

5   allegation that she "has been employed directly or jointly by Defendants" is far from sufficient.

6   The FAC is otherwise devoid of any factual allegations that support her disjunctive allegation

7   that the Defendants were her joint employers.  Merely stating a legal conclusion that Defendants

8   are joint employers is insufficient to allege joint employer liability.  See, e.g., U.S. E.E.O.C. v.

9   Am. Laser Centers LLC, No. 1:09-cv-2247-AWI-DLB, 2010 WL 3220316, at *5 (E.D. Cal. Aug.

10   13, 2010) (dismissing joint employer claims because the plaintiff failed to plead any specific

11   allegations that explained how the defendant companies were related to each other); Hibbs-

12   Rines, 2009 WL 513496, at *5 (dismissing joint employer liability where the plaintiff merely

13   alleged defendants were joint employers); Perez, 2020 WL 4344911, at *4 (same).

14        Accordingly, the Court finds Plaintiff's allegation of joint employer liability is

15   insufficiently plead and therefore recommends dismissal of the complaint with leave to amend.

16        **G.**     **Individual Defendants**

17        Plaintiff's second through seventh claims alleging violations of the Labor Code are also

18   brought against Arellano-Moya and Fuentes individually in their capacities as CEO and CFO,

19   respectively, of Grow Smart.  Plaintiff describes each individual Defendant's respective job title

20   and then alleges each individual:

21           was in charge of making major corporate decisions and managing
        the operations of the corporation during the relevant time period.

22           As such, he was on notice, whether actual or constructive, of all of
        the violations described above, and failed to prevent or address

23           them. On information and belief, Defendant…is an owner,
        director, officer, or managing agent of Defendant Grow Smart

24           Labor, Inc. who controlled and caused the violations at issue here
        either by making illegal policies, implementing illegal policies, or

25           failing to correct illegal policies. Defendant… is therefore liable as
        a person acting on behalf of Defendant Grow Smart Labor, Inc.

26           under California Labor Code § 558.1.

27   (FAC ¶¶ 15-16.)

28        California Labor Code  § 558.1 extends liability to an "owner, director, officer, or

managing agent of the employer" who "violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802" of the Labor Code.  Cal. Lab. Code § 558.1(a),(b).  Defendants do not dispute any substantive application of section 558.1.  (See Mot 22.)  Instead, Defendants argue Arellano-Moya and Fuentes should be dismissed because Plaintiff fails to plead sufficient facts to show either individual Defendant caused violations of the Labor Code.  (Mot. 22.)  In opposition, Plaintiff argues the language above sufficiently extends liability for the alleged Labor Code violations against Arellano-Moya and Fuentas as individuals.

Section 558.1 "does not enable courts to, in effect, pierce the corporate veil to hold corporate owners, shareholders, or other officers liable for wrongdoing committed by the employer corporation." Roush v. MSI Inventory Serv. Corp., No. 2:17-CV-1010-JAM-KJN, 2018 WL 3637066, at *3 (E.D. Cal. July 30, 2018).  Rather, section 558.1 makes individual owners, directors, officers or managing agents liable "if they themselves acted to violate or cause the violation of California's labor laws." Id.  A plaintiff must therefore "allege specific facts to establish that [the individual Defendant] was personally involved in the alleged violations." Carter v. Rasier-CA, LLC, No. 17-CV-00003-HSG, 2017 WL 4098858, at *5 (N.D. Cal. Sept. 15, 2017), aff'd, 724 F. App'x 586 (9th Cir. 2018).  Courts in this Circuit have dismissed claims that contain no specific allegation of individual wrongdoing as failing to state a claim upon which relief can be granted. See id.; Roush, 2018 WL 3637066, at *3; Rios v. Linn Star Transfer, Inc., No. 19-CV-07009-JSC, 2020 WL 1677338, at *6 (N.D. Cal. Apr. 6, 2020); Plaskin v. NewSight Reality, Inc., No. 19-cv-00458, 2019 WL 4316255, at *4 (C.D. Cal. 2019).

Here, the FAC vaguely alleges both Defendants are individually liable because, as CEO and CFO, each "controlled and caused the violations at issue here either by making illegal policies, implementing illegal policies, or failing to correct illegal policies."  (FAC ¶¶ 15-16.) The FAC is otherwise devoid of any facts alleging what actions Defendants Arellano-Moya and Fuentas took in their individual capacity to violate Plaintiff's rights or cause violation of California labor law.  While plaintiff is not required to conclusively establish Defendants Arellano-Moya and Fuentas were personally involved in the alleged hour and wage violations at the pleading stage, plaintiff must allege *some* facts to substantiate her conclusory allegations.

1   The Court therefore recommends dismissing the complaint and granting leave to amend the

2   allegations against Defendants Arellano-Moya and Fuentas.

3          **H.     Leave to Amend**

4          Courts freely grant leave to amend a complaint which has been dismissed.  See Fed. R.

5   Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Schreiber

6   Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) ("If a complaint is

7   dismissed for failure to state a claim, leave to amend should be granted unless the court

8   determines that the allegation of other facts consistent with the challenged pleading could not

9   possibly cure the deficiency."); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (same).

10  Leave to amend generally shall be denied only if amendment would unduly prejudice the

11  opposing party, cause undue delay, be futile, or if the moving party has acted in bad faith.

12  Leadsinger, Inc. v. BMG Music Publishing, 512 F.3d 522, 532 (9th Cir. 2008). "These factors,

13  however, are not given equal weight. Futility of amendment can, by itself, justify the denial of ...

14  leave to amend."  U.S. ex rel. Insoon Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052

15  (9th Cir. 2001).

16         Plaintiff proffers her claims can be cured by amendment and therefore requests leave to

17  amend the FAC.  (ECF No. 24.)  Defendants argue the Court would be justified in denying leave

18  to amend because Plaintiff has already amended her complaint and still fails to allege any facts.

19  (Mot. 6; Reply 11.)

20         The Court must briefly address Plaintiff's assertion that she is entitled to leave to amend

21  because there is "no reason to expect Reyes has exhausted her efforts to provide what would

22  otherwise be 'free discovery' to Defendants." (Opp'n 24.)  This argument is not well-taken.  The

23  purpose of federal pleading standards is not to provide "free discovery" to a defendant.  Rather,

24  the well-established requirement that a complaint "contain sufficient allegations of underlying

25  fact [is] to give fair notice and to enable the opposing party to defend itself effectively."  Starr,

26  652 F.3d at 1216.  As discussed, Plaintiff's thirty-five page FAC merely parrots the language of

27  the applicable statutory provisions without providing any supporting factual allegations.  See

28  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) (noting "the pleading standard Rule 8

1  announces does not require 'detailed factual allegations,' but it demands more than an

2  unadorned, the-defendant-unlawfully harmed-me accusation."). Plaintiff acknowledges the spirit

3  of Iqbal and Twombly "is obvious: plead what is sufficient to draw out the 'who, what, where,

4  why, and how' of the factual predicate such that a defendant may respond, put the matter at

5  issue, and get on with litigation." (Opp'n 11.) However, the FAC is wholly devoid of even the

6  most basic factual context regarding Plaintiff, including her job title, job description or duties,

7  dates of employment, the Defendant for which she worked, a workweek where she did not

8  receive minimum or overtime wages, whether she resigned or was terminated, whether she was a

9  seasonal or migrant agricultural worker, or whether she was even an agricultural worker at all.

10 Alleging such basic facts—which are known to Plaintiff at the time of filing—does not, as

11 Plaintiff argues, "impose unnecessary barriers…by compelling guesswork or pleading facts

12 normally developed through discovery." (Id.) The absence of factual allegations compels this

13 Court to find the FAC fails to meet a threshold standard of plausibility.

14       Setting aside Plaintiff's misguided characterization of federal pleading standards and the

15 venerated principle of fair notice, the Court finds Plaintiff has not acted in bad faith or with

16 dilatory motive, and it would not prejudice Defendants or be futile to grant an opportunity to

17 amend the FAC to allege factual allegations. The Court therefore recommends granting Plaintiff

18 leave to amend to cure the deficiencies identified in these findings and recommendations.

19                                          **V.**

20                         **RECOMMENDATION AND ORDER**

21       For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

22    1.    Defendants' requests for judicial notice be GRANTED in part and DENIED in

23          part; and

24    2.    Defendants' motion to dismiss Plaintiff's first amended complaint be GRANTED

25          with leave to amend.

26       These findings and recommendations are submitted to the district judge assigned to this

27 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen**

28 **(14) days** of service of these recommendations, the parties may file written objections to the

findings and recommendations with the Court.   Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 11, 2024**

UNITED STATES MAGISTRATE JUDGE