UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA REYES, on behalf of herself and those similarly situated and the State of California,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FIVE DIAMOND COLD STORAGE, INC.; GROW SMART LABOR, INC., PEDRO ARELLANO-MOYA; and JORGE ESTBAN FUENTES,<br><br>　　　　　Defendants. | Case No.: 1:24-cv-0028 JLT SAB<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(Docs. 12 and 28) |

　　　　Sara Reyes asserts that "she has been employed directly or jointly by Defendants," who she seeks to hold liable for violations of the Migrant Seasonal Agricultural Worker Protection Act and state wage and hour laws.  (Doc. 7 at 4; *see generally* Doc. 7.)  Plaintiff seeks to state class claims on behalf of those similarly situated, as well as act as a Private Attorney General on behalf of the State of California.  (*See id.* at 31.)  Defendants moved to dismiss Plaintiff's first amended complaint pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 12.)  The motion was referred to the assigned magistrate judge for the preparation of findings and recommendations.  (Doc. 15.)

　　　　As an initial matter, the magistrate judge noted that Defendants requested judicial notice of California's Industrial Welfare Commission Wage Order 14-2001 and several complaints filed by plaintiffs in other actions.  (Doc. 28 at 4-5.)  The magistrate judge found the complaints "have no

1

bearing on the determination of the instant motion" and recommended judicial notice not be taken of these documents. (*Id.*) However, the magistrate found judicial notice was appropriate for Wage Order 14-2001 and recommended judicial notice be taken of this document alone. (*Id.* at 5.)

The magistrate judge found the allegations were insufficient to support Plaintiff's claims under the AWPA and state law. (Doc. 28 at 5-17.) In addition, the magistrate judge found Plaintiff failed to allege facts sufficient to support a conclusion that she was jointly employed by all defendants, or that the individual defendants may be liable for the claims alleged. (*Id.* at 17-20.) Finally, the magistrate judge found leave to amend should be granted because "Plaintiff has not acted in bad faith or with dilatory motive, and it would not prejudice Defendants or be futile to grant [Plaintiff] an opportunity to amend the FAC to allege factual allegations." (*Id.* at 21.) Thus, the magistrate judge recommended Defendants' motion be granted and Plaintiff be granted leave to amend to cure the deficiencies identified in the findings and recommendations. (*Id.*)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 14 days. (Doc. 28 at 21-22.) The Court advised the parties the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id*. at 20, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Neither party filed objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated June 11, 2024 (Doc. 28) are **ADOPTED** in full.
2. Defendants' requests for judicial notice are **GRANTED** in part.
3. Defendants' motion to dismiss (Doc. 12) is **GRANTED**.
4. Plaintiff's first amended complaint is **DISMISSED** with leave to amend.
5. Plaintiff **SHALL** file any second amended complaint within 21 days of the date of service of this order.

///

**Plaintiff is advised that failure to file a second amended complaint will result in dismissal of this action for failure to prosecute and failure to obey the Court's order.**

IT IS SO ORDERED.

Dated: __**June 30, 2024**__

UNITED STATES DISTRICT JUDGE