# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA REYES, *on behalf of herself and those similarly situated and the State of California*,<br><br>Plaintiff,<br><br>v.<br><br>FIVE DIAMOND COLD STORAGE INC., et al.,<br><br>Defendants. | Case No. 1:24-cv-00028-JLT-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' OPPOSITION TO THE MOTION FOR SANCTIONS AND CONTINUING HEARING ON MOTION FOR SANCTIONS<br><br>(ECF No. 48) |

On March 12, 2025, Plaintiff moved for sanctions regarding Defendants' purported non-compliance with discovery production relating to the Court's December 4, 2025 order. (ECF No. 44.) On April 16, 2025, Defendants filed their opposition to the motion for sanctions—seven days prior to the hearing on the motion for sanctions. (ECF No. 47.) On April 21, 2025, Plaintiff filed her motion to strike the opposition on the basis that it was untimely filed, pursuant to Local Rule 230(c). (ECF No. 48.) Because of this untimeliness along with Defendants' April 15, 2025 production, Plaintiff states that she has had insufficient time to review and respond to the opposition. (Id.) Plaintiff asks that the Court strike the opposition and grant the motion for sanctions. In the alternative, Plaintiff asks for a continuance of the hearing. (Id.)

Plaintiff begins from a false premise. Local Rule 230 relates to the Court's Civil Motion Calendar and Procedure. However, Local Rule 251 covers Motions Dealing with Discovery Matters. Because the basis of Plaintiff's motion for sanctions relates to a discovery dispute,

Local Rule 251 governs. Local Rule 251(e) discusses when there is a total failure for a party to respond to a discovery request or order, or where an aggrieved party seeks only sanctions. L.R. 251(e). Under these circumstances, the requirement for the parties to file a joint statement is not applicable. Id. For timing of a motion for sanctions, the aggrieved party may bring a motion for relief for hearing on fourteen (14) days of notice. Id. "The responding party shall file a response thereto not later than seven (7) days before the hearing date. The moving party may file and serve a reply thereto not less than two (2) court days before the hearing date." Id.

Plaintiff moved for sanctions on March 12, 2025, and set the hearing on the motion for April 23, 2025. (ECF No. 44.) Therefore, Defendants' opposition was due on April 16, 2025, and indeed, Defendants timely filed in compliance with Local Rule 251(e). (ECF No. 47.) Plaintiff's reply, if any, was therefore due on April 21, 2025.

Because Defendant's opposition was timely filed, Plaintiff's request to strike the opposition is DENIED.

Given that Defendant recently produced documents on April 15, 2025, to Plaintiff, and Plaintiff requests additional time to determine whether this document production complies with this Court's December 4, 2024 order, the Court HEREBY CONTINUES the hearing on the motion for sanctions to **May 7, 2025, at 10:00 a.m.** Plaintiff shall file a notice whether she intends to proceed with the hearing or withdraw her motion for sanctions by **May 5, 2025, 12:00 p.m.**

IT IS SO ORDERED.

Dated:  **April 22, 2025**

STANLEY A. BOONE
United States Magistrate Judge

2