# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA REYES,<br><br>      Plaintiff,<br><br>    v.<br><br>GROW SMART LABOR, INC., et al.<br><br>      Defendants. | Case No. 1:24-cv-00028-JLT-SAB<br><br>ORDER CONTINUING AUGUST 6, 2025 HEARING REGARDING DEFENDANTS' MOTION TO WITHDRAW TO AUGUST 13, 2025<br><br>ORDER DIRECTING A REPRESENTATIVE OF DEFENDANT GROW SMART, INC. TO PERSONALLY APPEAR AT AUGUST 13, 2025 HEARING |

On June 25, 2025, counsel for Defendants Grow Smart Labor, Inc., Pedro Arellano-Moya, and Jorge Esteban Fuentes filed a motion to withdraw as attorneys of record. (ECF No. 54.) Counsel set the hearing in the matter for August 6, 2025. The Court shall continue the hearing to the next available date on August 13, 2025.

Upon a brief review of Counsel's motion to withdraw, the Court notes Counsel for Defendants fail to address whether they have informed Grow Smart Labor, Inc. of the consequences of the proposed withdrawal, primarily the inability of Grow Smart Labor, Inc. to represent itself in propria persona. See L.R. 183(a) ("A corporation or other entity may appear only by an attorney"); Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel"); see also Caveman Foods, LLC v. jAnn Payne's Caveman Foods, LLC, No. 2:12-cv-1112 WBS

DAD, 2015 WL 6736801, at *2 (E.D. Cal. Nov. 4, 2015) ("Before permitting counsel to withdraw, it is also this court's practice to ensure that the client understands and assents to the consequences of being unrepresented by counsel. Where the client is a corporation or unincorporated association, those consequences are dire. While individuals may appear in propria persona, corporations and other entities may appear only through an attorney; an unrepresented entity cannot file any pleadings, make or oppose any motions, or present any evidence to contest liability….An unrepresented entity is thus subject to the entry of default and default judgment.") (Emphasis added). Whether Counsel have adequately informed Grow Smart, Inc. of the consequences of withdrawal—including the fact that granting counsel's motion would place Grow Smart, Inc. in immediate violation of Local Rule 183(a)—is a fruitful topic to for the August 13, 2025 hearing, absent a substitution of attorney filed in the interim.

If new counsel is not substituted before August 13, 2025, the Court orders that a representative of Grow Smart, Inc., appear at the hearing on the motion to withdraw. If different counsel is retained prior to August 13, 2025, Defendants shall promptly file notice of substitution of attorney.

Accordingly, IT IS HEREBY ORDERED that:

1. The August 6, 2025 hearing regarding the motion to withdraw as attorney is CONTINUED to August 13, 2025; and
2. A representative of Grow Smart, Inc. is DIRECTED to appear in person or by videoconference on **August 13, 2025, at 10:00 a.m.** in Courtroom 9 before Magistrate Judge Stanley Boone.

IT IS SO ORDERED.

Dated: **June 26, 2025**

STANLEY A. BOONE
United States Magistrate Judge