# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA REYES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GROW SMART LABOR, INC., et al.,<br><br>　　　　Defendants. | Case No. 1:24-cv-00028-JLT-SAB<br><br>ORDER GRANTING MOTION FOR WITHDRAWAL AS COUNSEL FOR DEFENDANTS<br><br>ORDER DIRECTING DEFENDANT GROW SMART LABOR, INC. TO ACQUIRE NEW REPRESENTATION AND FILE A NOTICE OF APPEARANCE BY NEW COUNSEL<br><br>ORDER DIRECTING CLERK OF COURT TO UPDATE DOCKET TO REFLECT PRO SE DEFENDANTS PEDRO ARELLANO-MOYA AND JORGE ESTEBAN FUENTES<br><br>(ECF No. 54, 55, 56)<br><br>**DEADLINE: THIRTY DAYS** |

　　　　Currently before the Court is a motion by counsel Jacob Waschak, Landon R Schwob, and Melissa Huether's, of Fisher & Phillips LLP, ("Counsel") motion to withdraw as counsel of record for Defendants Grow Smart Labor, Inc., Pedro Arellano-Moya, and Jorge Esteban Fuentes (collectively, "Defendants"). (ECF No. 54.) Having considered Counsel's motion, the declaration attached thereto, the lack of opposition by Plaintiff or Defendants, the information presented at the August 13, 2025 hearing, as well as the Court's file, the motion to withdraw as counsel shall be granted.

# I.

# BACKGROUND

On January 5, 2024, Plaintiff filed this putative class action. (ECF No. 1.) On August 5, 2024, Defendants collectively filed their answer to the operative second amended complaint. (ECF No. 33.) On September 6, 2024, a scheduling order issued. (ECF No. 36.) On May 2, 2025, the Court granted the parties' stipulated motion to modify the scheduling order as follows: pre-certification non-expert discovery deadline is December 29, 2025; pre-certification expert disclosure deadline is December 29, 2025; pre-certification rebuttal expert disclosure deadline is February 13, 2026; pre-certification expert discovery deadline is March 26, 2026; and class certification motion filing deadline is May 14, 2026. (ECF Nos. 50, 51.) **These modified deadlines remain in effect.**

On June 25, 2025, Counsel filed a motion to withdraw as attorneys for Defendants. (ECF No. 54.) On June 30, 2025, Plaintiff filed a statement of non-opposition. (ECF No. 56.) The Court held a hearing in this matter on August 13, 2025 to ensure the representative of Defendant Grow Smart, Inc., a corporation, understood the consequences of Counsel's withdrawal and the inability of a corporation to represent itself in this Court. (ECF No. 57.) Cody Alexander Bolce appeared via video on behalf of Plaintiff; Jacob Waschak appeared via video on behalf of Defendants; Pedro Arellano-Moya appeared via video individually and as a representative of Grow Smart, Inc.; and Defendant Jorge Esteban Fuentes appeared individually.[1] (Id.)

# II.

# LEGAL STANDARD

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules for the United States District Court, Eastern District of California. See L.R. 182; L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist., No. 1:12-CV-00744 LJO, 2012 WL 3236743, at *1 (E.D. Cal. Aug. 6, 2012).

The California Rules of Professional Conduct provide that if the rules of a court require

---

[1] The Court notes Jorge Esteban Fuentes briefly appeared on video. Upon the Court's inquiry, Defendant Arellano-Moya confirmed Defendant Fuentes was present off camera during the hearing.

1 permission for an attorney to withdraw, the attorney may not withdraw from employment in a
2 proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). In addition,
3 counsel must take reasonable steps to avoid prejudicing the rights of the client, including
4 providing notice, allowing time for the client to employ other counsel, and complying with
5 applicable laws and rules. Cal. R. Prof. Conduct 1.16(d).

6 The Local Rules provide that an attorney who has appeared on behalf of a client may not
7 withdraw, leaving the client *in propria persona*, without leave of court upon noticed motion,
8 along with notice to the client and all other parties who have appeared. L.R. 182(d). The
9 attorney is also required to "provide an affidavit stating the current or last known address or
10 addresses of the client and the efforts made to notify the client of the motion to withdraw." Id.

11 It is within the Court's discretion whether to grant withdrawal. L.S. ex rel. R.S., 2012
12 WL 3236743, at *2 (citing Canandaigua Wine Co., Inc. v. Moldauer, No. 1:02-CV-06599, 2009
13 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009)). "Factors the Court may consider
14 include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3)
15 harm caused to the administration of justice, and (4) delay to the resolution of the case caused by
16 withdrawal." Id. Additionally, "[l]eave to withdraw may be granted subject to such appropriate
17 conditions as the Court deems fit." L.R. 182(d).

## III.

## DISCUSSION

20 Counsel proffers withdrawal is necessary due to Defendants' failure to pay attorney's
21 fees. (ECF No. 54-1.) Counsel submits that a significant amount in attorney's fees remains
22 outstanding, and Counsel does not reasonably expect past payment, nonetheless future payment,
23 is forthcoming. (Id. at 2.)

24 The Court finds good cause exists for Counsel to withdraw. Counsel's motion to
25 withdraw establishes a failure to pay a significant amount of attorney's fees with no apparent
26 intent to pay future fees. (ECF No. 54-1.) Such circumstance may justify granting a motion to
27 withdraw. See, e.g., Chavez v. Won, No. 1:19-CV-595-JLT, 2020 WL 5642342, at *2 (E.D. Cal.
28 Sept. 22, 2020). ("A client's failure to pay may demonstrate good cause for withdrawal"); see

1  also Cal. Prof. Conduct Rule 1.16(b)(4), (b)(5) (allowing for an attorney to seek to withdraw if
2  the client "breaches a material term of an agreement" or "renders it unreasonably difficult for the
3  lawyer to carry out the representation effectively.").

4  However, Counsel may not terminate representation without taking "reasonable steps to
5  avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client
6  sufficient notice to permit the client to retain other counsel[.]" Cal. Prof. Conduct Rule 1.16(d).
7  Here, Counsel informed Defendants of their intent to withdraw and of the remaining deadlines in
8  this action via email no later than June 24, 2025. (ECF No. 54-2 at 5.) Further, in compliance
9  with the Court's June 26, 2025 order, Defendants Pedro Arellano-Moya and Jorge
10 Fuentes appeared individually and as a non-attorney representative of Grow Smart. Inc. at the
11 August 13, 2025 hearing. (ECF No. 57.) The Court finds the individual defendants have
12 sufficient notice of and are aware of the consequences of proceeding pro se. At the hearing, the
13 individual Defendants provided their mailing address for future service. The individual
14 Defendant declined service by email.

15 As cautioned in the Court's June 30, 2025 order and at the August 13, 2025 hearing,
16 Defendant Grow Smart, Inc. is barred from appearing pro se. See 183(a) ("A corporation or
17 other entity may appear only by an attorney."). As discussed at the hearing, the Court shall afford
18 the corporate Defendant an additional thirty days to obtain counsel before entry of default may
19 be requested.

20 The Court finds granting withdrawal will not prejudice other litigants, harm the
21 administration of justice, or delay resolution of this case. Plaintiff filed a non-opposition to
22 Counsel's motion and confirmed non-opposition at the August 13, 2025. (ECF No. 56.) The
23 next deadline in this action is pre-certification non-expert discovery and pre-certification expert
24 disclosure on December 29, 2025. The deadline to file the motion for class certification is not
25 until May 14, 2026. (ECF No. 51.) Counsel's motion to withdraw, therefore, will be granted.
26 / / /
27 / / /
28 / / /

4

## IV.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Counsel's motion to withdraw as counsel of record for Defendants Grow Smart Labor, Inc., Pedro Arellano-Moya, and Jorge Esteban Fuentes (ECF No. 54) is GRANTED;

2. Counsel is ordered to serve a copy of this order on Defendants Grow Smart Labor, Inc., Pedro Arellano-Moya, and Jorge Esteban Fuentes via mail and shall provide the Court with a declaration indicating proof of service **within three (3) days** of entry of this order;

3. The Clerk of the Court is DIRECTED to terminate Jacob Waschak, Landon R. Schwob, and Melissa Huether of Fisher & Phillips LLP as attorneys of record for Defendants Grow Smart Labor, Inc., Pedro Arellano-Moya, and Jorge Esteban Fuentes;

4. The Clerk of the Court is DIRECTED to update the individual Defendants' contact information for service as follows:

    a. Pedro Arellano-Moya, proceeding pro se: 2880 Spalding Drive, Hanford, California, 93230; and

    b. Jorge Esteban Fuentes, proceeding pro se: 2880 Spalding Drive, Hanford, California, 93230;

    <u>Should either individual defendant obtain counsel, new counsel SHALL immediately file a notice of attorney</u>;

5. Because Defendant Grow Smart, Inc. is a corporate entity, it is barred from appearing *in propria persona*. LR. 183(a). Defendant Grow Smart, Inc. therefore has **thirty (30) days** from the entry of this Order to obtain counsel and file a notice of appearance by new counsel. **<u>Defendant Grow Smart, Inc. is cautioned that if it fails to obtain new counsel and have counsel file a notice of appearance in this Court within thirty (30) days, it is subject to the entry</u>**

5

        **of default and default judgment**; and

6. If an attorney fails to appear for Defendant Grow Smart, Inc. within thirty (30) days of entry of this order, Plaintiff may file a request for entry of default as to Defendant Grow Smart, Inc. **five (5) days after** Defendant Grow Smart Inc.'s deadline to file a notice of attorney.

IT IS SO ORDERED.

Dated:  **August 13, 2025**

STANLEY A. BOONE
United States Magistrate Judge