**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

SARA REYES,

Plaintiff,

v.

GROW SMART LABOR, INC., et al.,

Defendants.

Case No. 1:24-cv-00028 JLT SAB

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND DENYING MOTION TO CERTIFY CLASS

(Docs. 62, 67.)

Sara Reyes alleges her former employer, Grow Smart Labor, Inc., did not allow her to take legally required breaks while she worked on a third-party farm in August 2023. (*See* Docs. 30; Doc. 62-4.) She also alleges the company illegally docked its employees' pay for breaks that they did not actually take, and she claims that the company must compensate her and its other employees for several similar violations of the California Labor Code. (*See, e.g.*, Docs. 30 at 1–3; Doc. 62-4 at 3–4.) Reyes moves to certify her proposed class under Rule 23(b)(2) and (3). (Doc. 62.) The company opposes the motion. (Doc. 63.) The Court referred the matter to the assigned magistrate judge, who has prepared Findings and Recommendations and recommends denying the motion. (Doc. 67.) Reyes objects to the magistrate judge's findings and recommendations (Doc. 69), and the company urges the Court to adopt them, albeit with a few corrections (Doc. 70). The Court has reviewed the matter de novo and adopts the findings and recommendations in part.

The California Supreme Court's opinion in *Donohue v. AMN Services, LLC*, 11 Cal. 5th 58 (2021) is at the heart of the parties' dispute, as well as the magistrate judge's recommendations. Some background information about the Labor Code and the state supreme court's opinion is necessary to explain why.

The Labor Code generally requires employers to relieve their employees of their duties for an unpaid thirty-minute meal break in any shift of five hours or more. *See* Cal. Lab. Code § 512(a). Two meal breaks are required in shifts of ten hours or more. *See id.* If the employer does not offer this break, then it must "pay the employee one additional hour of pay at the employee's regular rate of compensation." *Id.* § 226.7(c). State law also gives employers the obligation to keep records of the times that they have permitted their employees to take the meal breaks. *See* Cal. Indus. Welf. Comm'n Order No. 14-2001, ¶ 7 (2002); *see also Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1027 (2012) ("The IWC's wage orders are to be accorded the same dignity as statutes."). But the law does not force employees to take breaks if that is not what they prefer. *See Brinker*, 53 Cal. 4th at 1040. Employees are free to work through their breaks and stay on the clock if they choose, and it is not an employer's responsibility to "police meal breaks" or ensure no work is performed. *Id.* at 1041.

If an employer's timekeeping records do not show that an employee took a lunch break on a particular day, that might suggest the employer broke the law. It might also reflect the employee's decision to work through lunch that day, and thus that there was no violation. Given these competing possibilities, it comes as no surprise that employers and employees often disagree about how to interpret the employer's timekeeping records. If a company's timekeeping records show its employees usually did not clock out for meal breaks, the plaintiffs might cite those records as evidence of Labor Code violations. The employer might respond that its policy was always to permit meal breaks but that employees often chose to keep working.

In *Donohue*, the California Supreme Court adopted a presumption for resolving disputes like these. "If time records show missed, short, or delayed meal periods with no indication of proper compensation, then a rebuttable presumption arises." 11 Cal. 5th at 77. The employer is presumed to have violated the Labor Code. *Id.* "Employers can rebut the presumption by

presenting evidence that employees were compensated for noncompliant meal periods or that they had in fact been provided compliant meal periods during which they chose to work." *Id.* For example, an employer might offer signed certifications from employees who state that they had been given the opportunity to take meal breaks or had been compensated for all missed breaks. *See id.* at 80. Another possibility that the court did not consider in *Donohue*—but which seems no less viable than employee certifications—might be evidence proving the employer was relieved from the ordinary timekeeping requirement as a matter of law. For example, an employer is generally not required to record the times of any meal periods "during which operations cease." *See, e.g.*, Cal. Indus. Welf. Comm'n Order No. 4-2001, ¶ 7(A)(3) (2001); Cal. Indus. Welf. Comm'n Order No. 14-2001, ¶ 7(A)(3) (2002). So, if an employer showed that meal breaks occurred while "operations" had "ceased," then it might rebut the presumption.

Wage and hour disputes like these are often litigated as class actions, including in *Donohue* itself. *See* 11 Cal. 5th at 64–65. When a meal break claim is part of a proposed class action pending in a federal district court, it can be difficult to layer the *Donohue* presumption on top of the requirements in Rule 23, which details what the proponent of a class must prove before it is certified. This problem has been litigated frequently, and it has led to some "confusion in the case law." *Hale v. Brinker Int'l, Inc.*, 765 F. Supp. 3d 904, 914–15 (N.D. Cal. 2025) (collecting authority).

Suppose, for example, that a plaintiff moves to certify a class of hourly workers who will all attempt to prove at trial that the defendant, their employer, did not allow them to take lunch breaks. *See, e.g.*, *Barbosa v. Delta Packing Co. of Lodi, Inc.*, No. 20-01096, 2023 WL 5280009, at *1 (E.D. Cal. Aug. 16, 2023); *Garcia v. Cent. Coast Restaurants, Inc.*, No. 18-02370, 2022 WL 657972, at *1–2 (N.D. Cal. Mar. 4, 2022). In support of this motion, the named plaintiff cites a statistical analysis of the employer's timekeeping records. That analysis shows employees rarely clocked out for lunch breaks. The plaintiff might argue that this evidence shows there is a common question of law and fact under Rule 23(a)(2), i.e., a rebuttable presumption of meal break violations under *Donohue*. *See, e.g., Barbosa*, 2023 WL 4280009, at *3; *Garcia*, 2022 WL 657972, at *6. Should the district court decide whether the plaintiff is entitled to a rebuttable

presumption under *Donohue*? Must it? *Cf. Barbosa*, 2023 WL 4280009, at *3 (finding the plaintiffs had established a rebuttable presumption under *Donohue* at the class certification stage). Is that presumption a common question? *See id.* (deciding it was). Must the defendant rebut that presumption to defeat class certification? *Garcia*, 2022 WL 657972, at *6 (finding the defendant had not rebutted the presumption at the class certification stage). Or is it enough for the defendant to show that the whole exercise is not really susceptible to resolution for the class on the whole, at least as a practical matter? These are the questions that Reyes and Grow Smart debate in connection with the pending motion. They are also at the center of the magistrate judge's recommendation.

Judge Chhabria's order in *Hale*, cited above, includes one of the clearest reconciliations of the *Donohue* presumption with Rule 23. The starting point is a basic ground rule of civil procedure: federal courts follow federal procedures, even when they are adjudicating state law claims. *See* 765 F. Supp. 3d at 913. So yes, when it comes to the merits of the plaintiff's wage and hour claims, the plaintiff can invoke the *Donohue* presumption, and the defendant can attempt to rebut it. *See id.* at 913–14. But when it comes to the procedure—such as what a plaintiff must prove about the case before she can litigate on behalf of a class, and how she can prove it—the court must do what Rule 23 requires. *See id.*

Rule 23 permits a district court to certify a class "only if" its proponent shows among other things that "there are question of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). When plaintiffs propose class litigation under Rule 23(b)(3), they must also show those common questions "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). A common, class-wide statistical analysis may be possible in many wage and hour class actions. Timesheets can often be aggregated and analyzed collectively with the help of an expert. *See Hale*, 765 F. Supp. 3d at 913. That analysis might also show that the *Donohue* presumption applies to the entire class. *See id.* This could be a common question of law and fact for purposes of Rule 23(a). But even if the *Donohue* presumption does arise, the defendant will have a chance to rebut it. *See id.* Will the parties also rely on class-wide evidence in that part of the case? They might: "if the named plaintiff presents sufficient evidence that the rebuttal question can be

answered the same way across the class, then class certification will likely be appropriate." *Id.* at 914 n.2. But they might not: "if the evidence that is reasonably expected to be presented at trial would likely lead to conflicting conclusions about different class members, then common questions will not predominate." *Id.* at 914.

Reyes relies on the opinions of a computer database expert, Aaron Woolfson. By his analysis, almost none of Grow Smart's timekeeping records include entries to show when employee meal breaks began or ended. (*See* Doc. 62-2 at 9–18.) By all signs, Grow Smart simply did not record the beginning and ending times of most meal breaks. The company does not question Woolfson's experience or qualifications. It does not criticize his use of SQL databases to collect, organize, de-duplicate, aggregate, and analyze timekeeping records. It offers no contrary analysis of its own data, no rebuttal opinions, and no expert critique. Reyes has therefore demonstrated that it will be possible to decide for the whole of the proposed class, all at once, whether its members are entitled to a presumption of meal break violations under *Donohue*. She has demonstrated that this is a common question of law and fact.

But as Grow Smart argues, and as the magistrate judge found, Reyes has not demonstrated that common questions are likely to predominate the rebuttal portion of the case. (*See, e.g.*, Doc. 67 at 29, 31, 41–42.) The members of the proposed class worked on different farms for different supervisors. Some, like Reyes, were paid a piece rate based on the number of boxes of produce they picked and packed. But most were paid by the hour. Some supervisors recorded breaks for the whole of the crew that was working under their supervision. Some kept more detailed or individualized records. The timecards themselves were also different from one farm and crew to the next. Timekeeping practices differed, too. Most importantly, the company has cited evidence that would likely lead to a farm-by-farm, crew-by-crew, and even day-by-day investigation into whether operations "ceased," such that the company had no obligation to record the specific start times and end times of any meals at all. (*See, e.g.*, Doc. 63-6 at 4.)

Reyes has not cited evidence that could show these questions are actually susceptible to common answers, as they were in *Barbosa*, a case she relies on heavily in her objections. *See* 2023 WL 5280009, at *6. The more likely scenario is instead that a class-wide trial would break

down into a long series of back-and-forth debates about what happened on Farm A versus Farm B or under the leadership of Supervisor 1 versus Supervisor 2. These differences will crop up in connection with each of the claims that Reyes would like to pursue for a class under Rule 23(b)(3). Her motion to certify a class under Rule 23(b)(3) must therefore be denied, as the magistrate judge recommends. *See Hale*, 765 F. Supp. 3d at 915–18 (reaching the same conclusion in a similar case).

Reyes also proposes a class under Rule 23(b)(2). As the magistrate judge found, however, a district court cannot certify a class action under Rule 23(b)(2) when "each class member would be entitled to an individual award of monetary damages" and "a different injunction or declaratory judgment." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360–61 (2011) (emphasis omitted). Reyes does not argue otherwise, and she does not object to this portion of the findings and recommendations. (*See* Doc. 69 at 27.) But in any event, because she does not work for Grow Smart or cite any plans to return, she has not demonstrated that she can pursue prospective relief on behalf of a class of current employees. *See Vasquez Perdomo v. Noem*, 148 F.4th 656, 673 (9th Cir. 2025) (per curiam) ("To have standing to seek an injunction against future unlawful conduct, a plaintiff must show a 'sufficient likelihood' that they will suffer a similar injury in the future" (quoting C*ity of Los Angeles v. Lyons*, 4651 U.S. 95, 111 (1983)).

For the reasons above, the findings and recommendations (Doc. 67) are **ADOPTED IN PART**. The motion for class certification (Doc. 62) is **DENIED**.

IT IS SO ORDERED.

Dated: _September 18, 2026_

UNITED STATES DISTRICT JUDGE